PETTIGREW, J.
|2In the instant appeal, taxpayers challenge a ruling of the 17th Judicial District Court for the Parish of Lafourche that reversed and vacated a decision of the Louisiana Tax Commission (the “Commission”) and reinstated assessment values as determined by the Assessor for Lafourche Parish (“Lafourche Assessor”). Because we find this appeal does not arise from a stand alone administrative proceeding, we vacate the trial court’s January 4, 2011 judgment, reverse the trial court’s May 8, 2010 judgment denying the exception raising the objection of lis pendens, render judgment granting the lis pendens exception, and order the matter transferred to the 19th Judicial District Court for consideration.
FACTS AND PROCEDURAL HISTORY
The present appeal is the latest event in an on-going dispute concerning taxes paid under protest. The parties are well-versed in the history of this litigation, which now extends over multiple jurisdictions; however, we reiterate a brief overview of the history of the dispute in order to place the present case in its proper context.
*536 ANR Pipeline Company, Tennessee Gas Pipeline Company, and Southern Natural Gas Company (“taxpayers”) provide natural gas transportation, storage, and balancing services in Louisiana and interstate commerce. These taxpayers each own natural gas transmission pipelines, which are classified and taxed as public service properties under La. R.S. 47:1851(K) and (M).[1] Due to their role in interstate commerce, the pipelines are ^regulated by the Federal Energy Regulatory Commission pursuant to the Natural Gas Act, 15 U.S.C. § 717, et seq.
For a period spanning several tax years, a number of intrastate natural gas, oil, and other liquid pipeline companies were regulated by the Louisiana Public Service Commission as provided in La. R.S. 30:551(A) and qualified as public service companies under La. R.S. 47:1851(K). The pipelines of these companies, however, were assessed by local assessors at fifteen percent (15%) of fair market value, while the public service properties of the taxpayers in this suit were assessed at twenty-five percent (25%) of fair market value. ANR Pipeline Co. v. Louisiana Tax Com’n, 2008-1148 (La.App. 1 Cir. 10/17/08), 997 So.2d 92, 95, writ denied, 2009-0027 (La.3/6/09), 3 So.3d 484 (“ANR VII”).
For each tax year disputed, the taxpayers paid their ad valorem taxes under protest. Specifically, the taxpayers challenged that portion of taxes assessed in excess of fifteen percent (15%) of fair market value. The taxpayers then filed individual suits against the Commission for declaratory judgment and for refund of the taxes paid under protest. The taxpayers argued that the assessed values of their properties were calculated at twenty-five percent (25%) of fair market value, while the assessed values of other pipeline public service taxpayers that fell within the statutory definition of pipeline companies were calculated at fifteen percent (15%) of fair market value. The taxpayers asserted that this disparate treatment violated the uniformity requirement of the Louisiana Constitution, the equal protection and due process clauses of the Louisiana and United States Constitutions, and the commerce clause of the United States Constitution. The taxpayers also alleged that La. R.S. 47:1851(K) was unconstitutional. These suits were consolidated for trial. ANR VII, 2008-1148 at 7-8, 997 So.2d at 96.
Following a bench trial in early 2005, the trial court (Judge Timothy Kelley of the 19th Judicial District Court) rendered declaratory judgment in favor of the taxpayers, finding that the actions of the Commission in the administration of Loui *537 siana’s ad valorem tax scheme, as it pertained to the taxpayers’ public service pipelines, violated the equal protection and due process clauses of the Louisiana and United States Constitutions. 14Judge Kelley pretermitted decision on the constitutionality of La. R.S. 47:1851(K) and (M) and remanded the matter to the Commission with instructions that the Commission require the parish assessors to assess the public service pipelines of the taxpayers for each of the tax years at issue and calculate taxes based on fifteen percent (15%) of those assessments. The trial court further ordered the Commission to issue the taxpayers a full refund, plus interest, of the difference between the amounts paid for each year and the reassessed amounts. This ruling was amended in part and, as amended, affirmed by this court in ANR Pipeline Co. v. Louisiana Tax Com’n, 2005-1142 (La.App. 1 Cir. 9/7/05), 928 So.2d 81, unit denied, 2005-2372 (La.3/17/06), 925 So.2d 547, cert. denied, 549 U.S. 822, 127 S.Ct. 157, 166 L.Ed.2d 38 (2006) (“ANR VI”).
After that judgment became final, the Commission issued Order No. 03-22-06, canceling the determinations of assessed values issued by the Commission and ordering the assessors to reassess the taxpayers’ property “utilizing the same valuation methodology used by their offices in assessing non-public service properties during the tax years in question and thereafter determine the assessed value of the [taxpayers’] property at a rate of fifteen percent (15%) of fair market value.” The Order also provided that reassessment “shall be completed no later than August 25, 2006.”
The taxpayers filed their reassessment returns with the Lafourche Assessor on May 15 and 19, 2006. In their returns, the taxpayers reported the depreciated replacement cost of their pipelines and requested a reduction in value for obsolescence. Attached to their returns was a four-page document drafted by the taxpayers’ counsel and titled “attachment to LAT 4, 5 and 14,” which listed the “percentage of pipeline capacity used” for each year covered by reassessment.
The Lafourche Assessor granted the taxpayers’ request for a reduction in value for obsolescence, which he calculated using the capacity utilization or “throughput” figures reported in the original returns. On August 28, 2006 (three days after the deadline for completion of reassessment established in the Commission’s order), the taxpayers’ counsel submitted a letter reasserting their request for obsolescence. Attached to the document was an affidavit executed by Sally Costley, which again reported the 1 ./‘percentage of pipeline capacity used.” However, while both the original returns filed in May and the supplemental affidavits submitted on August 28 both purported to be reporting the “percentage of pipeline capacity used” for the same companies and for the same years, the two documents reported different values.
Although the Lafourche Assessor allowed a reduction in value for obsolescence, he ultimately determined an assessed value that did not generate any refunds in Lafourche Parish from when this property was originally assessed. Thereafter, the taxpayers lodged appeals with the Lafourche Parish Board of Review protesting the valuation by the assessor. Following a hearing, the Lafourche Board of Review denied these protests and affirmed the correctness of the Lafourche Assessor’s valuations. The taxpayers appealed the rulings of the Lafourche Parish Board of Review to the Commission. These appeals were consolidated with over 300 other appeals brought by the taxpayers from other parishes which had been *538 ordered to reassess the taxpayers’ property-
The consolidated appeals were heard before the Commission in October 2009. On November 23, 2009, the Commission ruled that the taxpayers had the burden of proof as to the issue of obsolescence and that the taxpayers were entitled to a reduction in value for obsolescence. The Commission adopted the values in the August 28 affidavit of Sally Costley “as the prevailing evidence as to obsolescence and, applying the same guidelines contained in Chapter 13 of the Commission’s Rules and Regulations” and “find[ing] that the assessed values certified to the Commission by the Boards of Review are to be reduced by the applicable service factor indicated by those guidelines.”
On January 26, 2010, the Commission issued a “Supplement To Findings Of Fact And Conclusions Issued November 23, 2009.” Through this Supplement, the Commission found as follows: “[T]he obsolescence factors computed by utilizing the taxpayers’ throughput/capacity figures available under table 1305 of the Rules and Regulations shall be applied to the total property of the taxpayers to determine the amounts of refunds due, if any.”
The same day the Commission issued its ruling lowering the assessments of the La-fourche Assessor, the Lafourche Assessor filed a “Petition for Appeal (Judicial Review),^appealing the rulings of the Commission.[2] On January 6, 2010, the taxpayers filed numerous exceptions,[3] including a declinatory exception raising the objection of lis pendens. According to the taxpayers, the Lafourche Assessor’s authority to reassess the pipelines was granted by the courts in the exercise of their equitable power to fashion a remedy to address the prior discriminatory treatment by the Commission and, thus, any involvement by the courts should be by the 19th Judicial District Court in the already-existing suit.
In a judgment dated May 3, 2010, the trial judge for the 17th Judicial District Court denied the lis pendens exception. The judge stated in his Reasons For Judgment, “[wjhile granting this exception and allowing the 19th Judicial District Court to continue handling all issues regarding this case would better serve judicial efficiency, it appears that the Appeal before the 17th Judicial District Court was not part of the *539 litigation in the 19th Judicial District Court and therefore is a stand alone administrative appeal.”
The 17th Judicial District Court judge further relied upon the transcript[4] from a shearing held before Judge Kelley on March 15, 2010, wherein Judge Kelley stated, “I have no authority to stay those matters in other parishes. It seems to me you need to go to those other parishes and say: Here’s the ruling. Dismiss this case or transfer it to the Nineteenth. I think that’s your only remedy.” The judge wrote that such a comment by Judge Kelley was not a definitive statement that he had retained all authority for himself in matters resulting from his ruling nine years earlier, despite the fact it appeared that was what he meant to do. Finally, the 17th Judicial District Court judge noted that the Lafourche Assessor was not a party to the original suit, and when he attempted to intervene in the previous proceeding in the 19th Judicial District Court, he was denied, further proof that lis pen-dens should not be granted.
Thereafter, the taxpayers sought supervisory writs of the denial of their exception raising the objection of lis pendens and motion for stay order with this court. In Michael Martin, Assessor Lafourche Parish v. ANR Pipeline Co., 2010-0922 (La. App. 1 Cir. 8/20/10) (unpublished writ action), a five-judge panel of this court denied the pipelines’ motion for stay and writ application.[5]
Following the writ denial, the 17th Judicial District Court judge conducted a hearing on the merits of the issue presented to him, which was whether the Commission properly awarded a further reduction in value based on evidence of obsolescence that was not presented to the Lafourche Assessor. In a judgment dated January 4, 2011, the 17th Judicial District Court judge reversed and vacated the decision of the Commission and reinstated the decision of the Lafourche Parish Council Board of Review, which affirmed the findings and assessment of the Lafourche Assessor.
The taxpayers filed the present appeal.[6]
| sDISCUSSION
Initially, we are compelled to note that a regular appeal panel has the authority, and indeed the duty, to review, overrule, modify, and/or amend a writ panel’s decision on an issue when, after recon *540 sidering the issue to the extent necessary to determine whether the writ panel’s decision was correct, the appeal panel finds that the writ panel’s decision was in error. Mere doubt as to the correctness of the prior ruling by a writ panel is not enough to change the prior ruling; only when it is manifestly erroneous or application of the law-of-the-case doctrine would result in an obvious injustice should we overrule or modify our prior ruling. Joseph v. Ratcliff, 2010-1342, p. 4 (La.App. 1 Cir. 3/25/11), 63 So.3d 220, 223.
Our review of this matter, especially when considered in context with the remedy ordered by ANR VI and our previous recognition of the assessor’s right to appeal rulings in the 19th Judicial District Court action as explained in ANR VII, leads us to conclude that the writ panel’s previous ruling on the application seeking review of the denial of the lis pendens exception was in error. To hold otherwise would lead to a situation wherein the remedy ordered by the 19th Judicial District Court would be reviewed by multiple jurisdictions, including the present case arising from the 17th Judicial District Court, which did not consider the original declaratory judgment action.
Louisiana Code of Civil Procedure article 531 provides that “[wjhen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.” Because the requirement to establish the exception of lis pendens conforms to the requirements of res judicata, a court must determine whether a judgment in the first-filed suit would bar the claims asserted in the subsequent suit. See Newman v. Newman, 96-1062, pp. 4-5 (La.App. 1 Cir. 3/27/97), 691 So.2d 743, 745.
In the 17th Judicial District Court judge’s Reasons for Judgment, he states the present litigation “was not part of the litigation in the 19th Judicial District Court and therefore is a stand alone administrative appeal.” We disagree.
LThe instant appeal arises from the La-fourche Assessor’s complaint that the Commission vacated his assessment of the taxpayers’ property. In ANR VI, the remedy determined by the courts was to order the Commission to remand the matter (which originated in the 19th Judicial District Court) to the local parish assessors to reassess the property at issue using the formula utilized by the assessors when valuing non-public service property. The assessors, who were not parties to the 19th Judicial District Court litigation, were involved in the remedy phase because they are the entities responsible for refunds, if any, due to the taxpayers. See ANR VI, 2005-1142 at 30, 923 So.2d at 99. Although not parties to the original litigation, the assessors’ roles in implementing the remedy phase of the proceedings become an integral aspect of determining whether the remedy has been fairly applied.
In the present suit filed before the 17th Judicial District Court, the Lafourche Assessor argues that once he was involved in assessing the public service property, the procedures for reviewing those assessments were governed by the statutory scheme of La. R.S. 47:1992,1989, and 1998. In support of this contention, the La-fourche Assessor argues that this court allowed for such a process when we stated in ANR VI that the assessors would be required to follow the procedures of La. R.S. 47:1992(A)(1) and that the taxpayers would have opportunity to object to the local assessors’ valuations. ANR VI, 2005-1142 at 27, 923 So.2d at 97-98. The Lafourche Assessor further argued that when the taxpayers filed the 359 protests *541 before various Parish Boards of Review challenging the correctness of the reassessments, the applicable statutory provision regarding challenges to assessments made by the assessor (La. R.S. 47:1998(A)) allowed him to file the instant petition in his local parish, i.e., the 17th Judicial District Court.
Such an interpretation of our language in ANR VI is at odds not only with our intent, but with basic tenets of judicial efficiency. First we note, that the references in ANR VI to the assessors’ compliance with La. R.S. 47:1992(A)(1) were made in order to preserve the taxpayers’ due process rights. In ANR VI, this court noted that assessors would be required to follow the procedures of La. R.S. 47:1992(A)(1) and that | inthe pipelines would have the opportunity to object to the local assessors’ valuations.[7] The reference to La. R.S. 47:1992(A) was an attempt to recognize the taxpayers’ due process rights by allowing the taxpayers an opportunity to inspect the assessments made by the local assessors. Such a reference to this particular statute was not envisioned as authorization for the local assessors to utilize statutory procedures that are not applicable to the assessments of public service property.
Next, it cannot be ignored that the present property is public service property, which an assessor does not have the constitutional authority to assess. See La. Const, art. VII, § 18(D). Thus, we disagree that the present proceeding can in any way be considered a “stand alone administrative proceeding.” Rather, the La-fourche Assessor’s role in assessing the instant property stems solely from the court-ordered remedy phase of the on-going litigation in the 19th Judicial District Court. Moreover, if the petition for judicial review filed by the Lafourche Assessor were considered a stand alone administrative proceeding, it would be based on action clearly outside the scope of the assessor’s constitutional authority because the assessments involve public service property. See La. Const, art. VII, § 18(D).
The assessor’s role in the remedy phase of the 19th Judicial District Court litigation was previously recognized in ANR VII. In that case, the assessors attempted to | ¶ intervene in the 19th Judicial District Court proceedings after the pipelines filed a motion to enforce the judgment of this court following the reassessments. The trial court dismissed, with prejudice, the assessors’ petition of intervention on the basis the assessors had no right to intervene as the matter was an on-going case that had already been through adjudication.
*542 This court found the trial court’s dismissal of the assessors’ petition in intervention was not error; however, we went on to examine whether the assessors had the standing to appeal the remaining matters addressed in the underlying judgment from the 19th Judicial District Court. In addressing this issue, we found: “In the case sub judice, there is no doubt that the assessors have a justiciable right related to the principal action, i.e., the reassessment of plaintiffs’ public service pipelines.” ANR VII, 2008-1148 at 14, 997 So.2d at 101.
This court went on to recognize the assessors’ standing to appeal a judgment of the trial court with respect to a judgment of the 19th Judicial District Court regarding the remedy phase of the original litigation. ANR VII, 2008-1148 at 14, 997 So.2d at 101. Thus, while the Lafourche Assessor has a justiciable right regarding his reassessment of the property at issue, it is directly related to the original suit pending before Judge Kelley in the 19th Judicial District Court.
Further, in Gisclair v. Louisiana Tax Com’n, 2010-0563 (La.9/24/10), 44 So.3d 272 (Gisclair II), the Louisiana Supreme Court addressed the right of an assessor to bring an action against the Commission challenging the constitutionality of the Commission’s application of the relevant laws governing the tax valuation of public service property. The St. Charles Assessor asserted the Commission’s assessments of public service property owned by Entergy was depriving the parish of tax revenue. The St. Charles Assessor contended that his action was brought under the statutory authority found in La. R.S. 47:1998(C) and such other provisions of law that governed the action. Gisclair II, 2010-0563 at 8, 44 So.3d at 278-279.
In determining the St. Charles Assessor had no right of action to bring such a challenge, the court in Gisclair II noted that although section 1998 of Title 47 is entitled 112“ Judicial review, generally,” this statutory provision read in context clearly governs suits contesting local assessments made by local assessors and is contained in the general assessment provisions of the ad valorem property tax statutes, not in the special provisions governing the assessment of public service properties set forth in La. R.S. 47:1851-1858. Gisclair II, 2010-0563 at 8, 44 So.3d at 279. The court further held that La. R.S. 47:1856(G), which addressed the assessment of public service properties, only provided a right of action for the taxpayer. Gisclair II, 2010-0563 at 10, 44 So.3d at 280.
Using this rationale as guidance in the present case, we note that the Lafourche Assessor’s basis for using La. R.S. 47:1998 to file the present suit in the 17th Judicial District Court would be in conflict with the ruling in Gisclair II insofar as allowing a local assessor to bring a suit contesting the assessments of public service property. We emphasize that the Lafourche Assessor’s involvement in this particular assessment was not due to his constitutional grant of authority, but merely a limited role in the remedy stage of proceedings pending in the 19th Judicial District Court. Accordingly, it does not appear that La. R.S. 47:1998 should be interpreted to allow the Lafourche Assessor to bring the present suit in the 17th Judicial District Court regarding the dispute between him and the Commission over their actions in pursuing the remedy ordered by the 19th Judicial District Court. Stated another way, this is not a “local assessment” that falls within the ordinary scope of power granted to the assessor.
Further, we disagree with the 17th Judicial District Court judge’s interpretation of Judge Kelley’s statement during the *543 March 15, 2010 hearing on the issue of whether Judge Kelley could stay proceedings that had been filed in other jurisdictions by the local assessors contesting the actions of the Commission. When Judge Kelley commented that he did not have the authority to stay those matters in the other parishes, he advised that the taxpayers would be better served by going to the other parishes with his prior ruling and requesting the case be dismissed in those parishes or transferred to the 19th Judicial District Court. We conclude that Judge Kelley did maintain jurisdiction over the remedy phase of the 19th Judicial District Court litigation and was clearly advising the taxpayers to file lis pendens exceptions in the other suits.
| ^Finally, we note our present decision is in direct conflict with a recent ruling from the second circuit court of appeal. In Jones v. Southern Natural Gas Co., 46-847 (La.App. 2 Cir. 4/18/11), 63 So.3d 1080, the Assessor for Lincoln Parish brought a Petition for Judicial Review in Lincoln Parish appealing the decision of the Commission, which ordered reduced valuation of the (same) taxpayers’ public service property. The reassessment of the public service property was performed as ordered by the remedy affirmed in ANR VI from the litigation filed in the 19th Judicial District Court. In addressing the taxpayers’ lis pendens exception, the second circuit stated, “Although the actions are closely related, they are not the same transaction or occurrence.” Jones, 46-347 at 8, 63 So.3d at 1086. The second circuit did not address the fact that the assessor was acting in the remedy phase of the litigation from the 19th Judicial District Court, or explain how the assessor’s action was outside the scope of his constitutional authority in assessing public service property. For the reasons already discussed, we respectfully disagree with this ruling.
We find the Lafourche Assessor’s role in the reassessments of the taxpayers’ public service property is a limited grant of authority stemming from the courts as stated in ANR VI. While the Lafourche Assessor has been found to have appeal rights with respect to his actions, the procedural context of his role requires any appeal to the courts to be brought to the on-going litigation in the 19th Judicial District Court.
CONCLUSION
For the above and foregoing reasons, we find the present suit to be duplicative of the on-going litigation in the 19th Judicial District Court. We hereby vacate the trial court’s January 4, 2011 judgment, reverse the May 3, 2010 judgment denying the lis pendens exception, and render judgment granting the lis pendens exception filed by the taxpayers. However, considering that the Lafourche Assessor does have a right to appeal the actions of the Commission in the context of the remedy phase on the ongoing litigation in the 19th Judicial District Court, we order it transferred to the 19th Judicial District Court before Judge Kelley, so the Commission’s actions can be reviewed in light of |14the remedy approved in ANR VI. All costs associated with this appeal are assessed equally between the taxpayers and the Assessor for Lafourche Parish.
JANUARY 4, 2011 JUDGMENT VACATED; MAY 3, 2010 JUDGMENT DENYING LIS PENDENS EXCEPTION REVERSED; JUDGMENT RENDERED GRANTING LIS PENDENS EXCEPTION; SUIT ORDERED TRANSFERRED TO 19th JUDICIAL DISTRICT COURT.

. The relevant portions of La. R.S. 47:1851 provide as follows:
K. "Pipeline company" means any company that is engaged primarily in the business of transporting oil, natural gas, petroleum products, or other products within, through, into, or from this state, and which is regulated by (1) the Louisiana Public Service Commission, (2) the Interstate Commerce Commission, or (3) the Federal Power Commission, as a "natural gas company” under the Federal Natural Gas Act, 15 U.S.C. §§ 717-717w, because that person is engaged in the transportation of natural gas in interstate commerce, as defined in the Natural Gas Act.
M. "Public service properties” means the immovable, major movable, and other movable property owned or used but not otherwise assessed in this state in the operations of each airline, electric membership corporation, electric power company, express company, gas company, pipeline company, railroad company, telegraph company, telephone company, and water company. For each barge line, towing, and other water transportation company or private car company, only the major movable property owned or used but not locally assessed or otherwise assessed in this state in interstate or interparish operations shall be considered as public service property.

. In addition to the appeal filed by the La-fourche Assessor in the 17th Judicial District Court, several other assessors sought judicial review in their home districts, and taxpayers also filed an appeal in the 19th Judicial District Court, resulting in a virtual cobweb of litigation wherein the remedy ordered by Judge Kelley in the on-going litigation in the 19th Judicial District Court and affirmed by this court in ANR VI is under review in multiple jurisdictions. For example, there are two other appeals currently pending before this court that stem from the Commission's November 23, 2009 ruling. See ANR Pipeline Company v. Louisiana Tax Com'n, 2011-0425 (La.App. 1 Cir. 8/23/11), 76 So.3d 521 ("ANR IX") (an appeal by the assessors from a ruling of the 19th Judicial District Court that sustained plaintiffs' no right of action exception and dismissed their cross appeals against the Commission); and Gene Bonvillain, Assessor of Terrebonne Parish v. Tennesse Gas Pipeline Co., 2011-0963 (La.App. 1 Cir. 10/06/11), So.3d (an appeal by Tennessee Gas Pipeline from a ruling of the 32nd Judicial District Court that reversed and vacated the Commission’s November 23, 2009 ruling and reinstated assessment values as determined by the Terrebonne Parish Assessor for purposes of determining whether any refund was owed to the pipeline). We note that the Lafourche Assessor is also a party to the appeal in ANR IX.

. The taxpayers also filed objections of improper venue, lack of subject matter jurisdiction, prematurity, failure to name an indispensable party, no cause of action, no right of action, and prescription.

.Although referenced in taxpayers’ brief on appeal, the transcript of the March 15, 2010 hearing does not appear in the record before us. However, the transcript is included in the writ application in Michael Martin, Assessor Lafourche Parish v. ANR Pipeline Co., 2010-0922 (La.App. 1 Cir. 8/20/10) (unpublished writ action). Pursuant to the provisions of Uniform Rules — Courts of Appeal, Rule 2-1, 14 ("Any record lodged in this court may, with leave of court, be used, without necessity of duplication, in any other case on appeal or on writ.”) and Rule 4-8 ("The Rules of the court pertaining to appeals and not conflicting with Rules specifically pertaining to applications for writs, when applicable and insofar as practicable, shall govern writ applications and the dispositions thereof.”), we have reviewed pertinent portions of the transcript that are necessary to adequately review the issues raised in the instant appeal. We note that among the matters considered by Judge Kelley at the March 15, 2010 hearing was a rule to show cause why the assessors, the Commission, and their attorneys should not be held in contempt of court and face sanctions for the filing of separate judicial reviews in other parishes on the revaluations done pursuant to the remand in the on-going litigation out of the 19th Judicial District Court.

. Judges Carter, Kuhn, Guidry, and Gaidry voted to deny the writ, while Judge Welch dissented.

. Because we are granting the lis pendens exception, we pretermit discussion of the assignments of error raised by the taxpayers.

. Louisiana Revised Statutes 47:1992(A)(1) provides in pertinent part:
A. (l)(a) After each assessor has prepared and made up the lists showing the assessment of immovable and movable property in and for his parish or district, his lists shall be exposed daily for inspection by the taxpayers and other interested persons for the period provided for in Subsection F of this Section. Each assessor shall give notice of such exposure for inspection in accordance with rules and regulations established by the Louisiana Tax Commission.
(b)(i) Except as provided for in Item (b)(ii) of this Subparagraph, a taxpayer may rely on the assessment shown in the list and such reliance shall be a defense against any claim for additional ad valorem property taxes, interest, and penalties on such property.
(ii) The assessment shown on the list may be changed to reflect an increase in assessment, including supplemental assessments pursuant to R.S. 47:1966, if the assessor shows that the taxpayer received written notice of such change at least thirty days before the last day for review by the appropriate board of review.