HIGGINBOTHAM, J.
|2This is an appeal by Tennessee Gas Pipeline Company (the “taxpayer”) from a judgment of the Thirty-Second Judicial District Court of Terrebonne Parish (the “32nd JDC”), which reversed and vacated a ruling of the Louisiana Tax Commission (the “Commission”) and reinstated values of property as determined by Gene Bonvil-lain, the Terrebonne Parish Assessor (the “Terrebonne Assessor”). The value determination by the Terrebonne Assessor was performed for the purpose of determining the amount of refund, if any, owed to the taxpayer based on a judicial remedy from litigation originating in the Nineteenth Judicial District Court of East Baton Rouge Parish (the “19th JDC”). We find this appeal cannot be brought by the Terre-bonne Assessor as a separate suit, because it is part of the remedy phase of the 19th JDC litigation. Therefore, we reverse and vacate the trial court’s December 22, 2010 judgment, and reinstate the March 31, 2010 judgment along with the transfer order of the 32nd JDC, and order this matter transferred to the 19th JDC, so it can be considered in the context of the original litigation before Judge Timothy E. Kelley.
FACTS AND PROCEDURAL HISTORY
The present appeal is one of the more recent events in an on-going dispute concerning taxes paid under protest by the taxpayer.[1] The parties are well-versed in the history of this litigation, which now extends over multiple jurisdictions; | ohowever, we reiterate a brief overview of the history of the dispute in order to place the present case in the proper context.
The taxpayer, along with the other original plaintiffs, ANR Pipeline Company and Southern Natural Gas Company, provides natural gas transportation, storage, and balancing services in Louisiana and interstate commerce. These taxpayers each own natural gas transmission pipelines which are classified and taxed as public service properties under La. R.S. 47:1851(K) and (M).[2] Due to their role in *476 interstate commerce, the pipelines are regulated by the Federal Energy Regulatory Commission pursuant to the Natural Gas Act, 15 U.S.C. § 717, et seq.
For a period spanning several tax years, a number of intrastate natural gas, oil, and other liquid pipeline companies were regulated by the Louisiana Public Service Commission, as provided in La. R.S. 30:551(A) and qualified as public service companies under La. R.S. 47:1851(K). The pipelines of these companies, however, were assessed by local assessors at fifteen percent (15%) of fair market value, while the public service properties of the taxpayers in the original litigation, were assessed at twenty-five percent (25%) of fair market value. ANR Pipeline 4Co. v. Louisiana Tax Com’n, 2008-1148 (La.App.1st Cir.10/17/08), 997 So.2d 92, 96, unit denied, 2009-0027 (La.3/6/09), 3 So.3d 484 (ANR VII).
For each tax year disputed, the taxpayers paid their ad valorem taxes under protest. Specifically, the taxpayers challenged that portion of taxes assessed in excess of fifteen percent (15%) of fair market value. The taxpayers then filed individual suits against the Commission for declaratory judgment and for refund of the taxes paid under protest. The taxpayers argued that the assessed values of their properties were calculated at twenty-five percent (25%) of fair market value, while the assessed values of other pipeline public service taxpayers that fell within the statutory definition of pipeline companies were calculated at fifteen percent (15%) of fair market value. The taxpayers asserted that this disparate treatment violated the uniformity requirement of the Louisiana Constitution, the equal protection and due process clauses of the Louisiana and United States Constitutions, and the commerce clause of the United States Constitution. The taxpayers also alleged that La. R.S. 47:1851(K) is unconstitutional. These suits were consolidated for trial. ANR VII, 997 So.2d at 96.
Following a bench trial in early 2005, Judge Kelley of the 19th JDC, rendered a declaratory judgment in favor of the taxpayers, finding that the actions of the Commission in the administration of Louisiana’s ad valorem tax scheme, as it pertained to the taxpayers’ public service pipelines, violated the equal protection and due process clauses of the Louisiana and United States Constitutions. The trial court pretermitted decision on the constitutionality of La. R.S. 47:1851(K) and (M), and remanded the matter to the Commission with instructions that the Commission require the local assessors to assess the public service pipelines of the taxpayers for each of the tax years at issue and calculate taxes based on fifteen percent (15%) of those assessments. The trial court further ordered the | ^Commission to issue the taxpayers a full refund, plus interest, of the difference between the amounts paid for each year and the reassessed amounts. That ruling was affirmed by this Court in ANR Pipeline Co. v. Louisiana Tax Com’n, 2005-1142 (La.App.1st Cir.9/7/05), 923 So.2d 81, writ denied, 2005-2372 (La.3/17/06), 925 So.2d 547, cert. denied, 549 U.S. 822, 127 S.Ct. 157, 166 L.Ed.2d 38 (2006) (ANR VI).
After that judgment became final, the Commission issued a series of orders in- *477 eluding Order No. 03-22-06, canceling the determinations of assessed values issued by the Commission and ordering the local assessors to reassess the taxpayers’ property “utilizing the same valuation methodology used by their offices in assessing non-public service properties during the tax years in question and thereafter determine the assessed value of the [properties] at a rate of fifteen percent (15%) of fair market value.” The Order also provided that “[r]eassessment shall be completed no later than August 25, 2006.”
The local assessor, in this case the Ter-rebonne Assessor, completed the revaluations and provided notice of the revaluation to the taxpayer. The Terrebonne Assessor applied the Commission guidelines in his reassessment, which resulted in valuations of two to two-and-a-half times the Commission’s original valuations. The taxpayer argues that such a result by the Terrebonne Assessor was unfairly inflated due to the failure of the Terrebonne Assessor to allow any consideration for obsolescence in his revaluations. The taxpayer then appealed the revaluation to the Commission. That appeal was consolidated with appeals of 359 separate assessments arising from the local assessors’ actions in the remedy phase of the on-going 19th JDC litigation.
On November 23, 2009, the Commission issued a preliminary decision finding the taxpayer bore the burden of proof as to obsolescence. The Commission | (¡found that the local assessors had applied the proper methodology in determining the valuation of the property and adopted the assessors’ determinations of value, but reduced them by a flat service percentage based on throughput/capacity utilization and failed to recognize additional economic obsolescence. Finally, the Commission requested additional information so that it could calculate taxes based on the local assessors’ values (as modified) and determine the refunds due to the taxpayers as a result of the constitutional violations. On January 26, 2010, the Commission issued its supplemental ruling. Through this supplement, the Commission found that the obsolescence factors computed by utilizing the taxpayers’ throughput/capacity figures under the rules and regulations shall be applied to the total property of the taxpayers to determine the amounts of refunds due, if any.
Present Suit
On the date the Commission issued its initial ruling, November 23, 2009, the Ter-rebonne Assessor filed a “Petition for Appeal (Judicial Review)”, in the 32nd JDC, appealing the ruling of the Commission. On December 28, 2009, the taxpayer filed declinatory exceptions raising the objections of lis pendens, improper venue and lack of subject matter jurisdiction; dilatory exception raising the objection of prematurity, and peremptory exceptions raising the objections of failure to join an indispensable party, no cause of action, no right of action, and prescription.
Although the trial court initially dismissed all of the taxpayer’s exceptions, the taxpayer filed a Motion and Order for Reconsideration. In considering the taxpayer’s Motion and Order for Reconsideration, the trial court for the 32nd JDC noted that the “genesis of this ad valorem tax matter is complex litigation conducted before the [19th JDC] over the course of a decade or more, in the suit 17entitled ‘ANR Pipeline Company v. Louisiana Tax Commission’[,] 19th JDC No. 584,818.” The 32nd JDC court also noted that after the present petition was filed, motions were still pending in the 19th JDC before Judge Kelley, wherein the taxpayers asserted that the local assessors were in contempt for seeking judicial review of the Commission’s actions in their home parishes. The *478 32nd JDC trial court further noted that according to a transcript of a hearing on March 15, 2010, Judge Kelley clarified that the 19th JDC maintained continuing jurisdiction over any review action arising out of the remand proceedings.
Thus, on March 31, 2010, the 32nd JDC trial court granted the taxpayer’s motion for reconsideration in part, agreeing that the 19th JDC retained jurisdiction over judicial review actions such as the instant suit and ordered the matter transferred to the 19th JDC for further proceedings. The Terrebonne Assessor successfully applied for supervisory review to this Court. On August 20, 2010, a panel of this Court granted the Terrebonne Assessor’s writ application in In Re: Appeal of ANR Pipeline Company, 2010 CW 1005 (La.App. 1st Cir .8/20/2010) (unpublished writ action)[3], with the following language:
WRIT GRANTED. The judgment of the district court granting the motion for reconsideration filed by Tennessee Gas Pipeline Company and transferring the petition for judicial review filed by Gene Bonvillain, Assessor for Terre-bonne Parish, to the 19th Judicial District Court is hereby reversed. Mr. Bonvillain’s petition for judicial review was properly filed in Terrebonne Parish in accordance with LSA-R.S. 47:1998; therefore, the petition for judicial review may proceed accordingly.
Following this ruling, the 32nd JDC considered the merits of the Petition for Judicial Review. On December 22, 2010, the 32nd JDC issued a judgment wherein it reversed and vacated the rulings of the Commission dated November 23, R2009, and January 26, 2010, in Docket No. 06-22109-001. The taxpayer instituted this present appeal.[4]
DISCUSSION
Initially, we are compelled to note that a regular appeal panel has the authority, and indeed the duty, to review, overrule, modify, and/or amend a writ panel’s decision on an issue when, after reconsidering the issue to the extent necessary to determine whether the writ panel’s decision was correct, the appeal panel finds that the writ panel’s decision was in error. Mere doubt as to the correctness of the prior ruling by a writ panel is not enough *479 to change the prior ruling; only when it is manifestly erroneous or application of the law-of-the-case doctrine would result in an obvious injustice should we overrule or modify our prior ruling. Joseph v. Ratcliff, 2010-1342 (La.App.lst Cir.3/25/11), 63 So.3d 220, 223.
Our review of this matter, especially when considered in context with the remedy ordered by ANR VI and our previous recognition of the local assessors’ right to appeal rulings in the 19th JDC as explained in ANR VII, and the recent Louisiana Supreme Court case of Gisclair v. Louisiana Tax Com’n, 2010-0563 9(La.9/24/10), 44 So.3d 272 (Gisclair II), leads us to conclude that the writ panel’s previous ruling that granted in part the taxpayer’s motion and order for reconsideration was in error. To hold otherwise would lead to a situation wherein the remedy ordered by the 19th JDC in on-going litigation would be reviewed by multiple jurisdictions, including the present case arising from the 32nd JDC, which did not consider the original declaratory judgment action. See Martin v. ANR Pipeline Co., 2011-0751 (La.App.1st Cir.8/23/11), 76 So.3d 534, 542.
The instant appeal arises from the Ter-rebonne Assessor’s complaint that the Commission vacated his assessment of the taxpayer’s property. In ANR VI, the remedy determined by the courts was to order the Commission to remand the matter (which originated in the 19th JDC) to the local assessors for reassessment of the property at issue using the formula utilized by the assessors when valuing nonpublic service property. The local assessors, who were not parties to the 19th JDC litigation, were involved in the remedy phase because they are the entities responsible for refunds, if any, due to the taxpayers. See ANR VI, 923 So.2d at 99. Although not parties to the original litigation, the local assessors’ roles in implementing the remedy phase of the proceedings become an integral aspect of determining whether the remedy has been fairly applied.
In the present suit filed before the 32nd JDC, the Terrebonne Assessor argues that once he was involved in assessing the public service property, the procedures for reviewing those assessments were governed by the statutory scheme of La. R.S. 47:1992,1989, and 1998. In support of this contention, the Terrebonne Assessor argues that this court allowed for such a process when we stated in ANR VI that the local assessors would be required to follow the procedures of La. R.S. 47:1992(A)(1), and that the taxpayers would have an opportunity to object to the local assessors’ valuations. ANR VI, 923 So.2d at 97-98. The Terrebonne [ Assessor further argued that when the taxpayers filed the 359 protests before various Parish Boards of Review challenging the correctness of the reassessments, the applicable statutory provision regarding challenges to assessments made by the local assessor (La. R.S. 47:1998(A)) allowed him to file the instant petition in his local parish, i.e., the 32nd JDC.
Such an interpretation of our language in ANR VI is at odds not only with our intent, but with basic tenets of judicial efficiency. First, we note that the references in ANR VI to the assessors’ compliance with La. R.S. 47:1992(A)(1) were made in order to preserve the taxpayers’ due process rights. In ANR VI, 923 So.2d at 97-98, this court noted that assessors would be required to follow the procedures of La. R.S. 47:1992(A)(1) and that the pipelines would have the opportunity to object to the local assessors’ valuations.[5] *480 The reference to La. R.S. 47:1992(A) was an attempt to recognize the taxpayers’ due process rights by allowing the taxpayers an opportunity to inspect the assessments made by the local assessors. Such a reference to this particular statute was not envisioned as authorization for the local assessors to utilize statutory procedures that are not applicable to the assessments of public service property. See Martin, 76 So.3d at 541.
^JjjNext, it cannot be ignored that the present property is public service property, which a local assessor does not have the constitutional authority to assess. See La. Const, art. VII, § 18(D); Martin, 76 So.3d at 541. The Terrebonne Assessor’s role in assessing the instant property stems solely from the court-ordered remedy phase of the on-going litigation in the 19th JDC. Martin, 76 So.3d at 541. The local assessors’ role in the remedy phase of the 19th JDC litigation was previously recognized in ANR VII. In that case, the local assessors attempted to intervene in the 19th JDC proceedings after the pipelines filed a motion to enforce the judgment of this court following the reassessments. The trial court dismissed, with prejudice, the local assessors’ petition of intervention on the basis that the assessors had no right to intervene as the matter was an on-going case that had already been through adjudication. ANR VII, 997 So.2d at 99.
This court found the trial court’s dismissal of the local assessors’ petition of intervention was not error; however, we went on to examine whether the assessors had standing to appeal the remaining matters addressed in the underlying judgment from the 19th JDC. In addressing this issue, we found: “In the case sub judice, there is no doubt that the assessors have a justiciable right related to the principal action, i.e., the reassessment of plaintiffs’ public service pipelines.” ANR VII, 997 So.2d at 101. This court went on to recognize the local assessors’ standing to appeal issues arising from their role in implementing the remedy phase of the litigation in the 19th JDC. ANR VII, 997 So.2d at 101. Thus, while the Terrebonne Assessor has a justiciable right regarding his reassessment of the property at issue, it is directly related to the original suit pending before Judge Kelley in the 19th JDC.
Further, in Gisclair II, which was decided shortly after this Court granted the Terrebonne Assessor’s writ application in 2010-CW-1005, the Louisiana 112Supreme Court addressed the right of a local assessor to bring an action against the Commission challenging the constitutionality of the Commission’s application of the relevant laws governing the tax valuation of public service property. In Gisclair II, the St. *481 Charles Assessor asserted that the Commission’s assessments of public service property owned by Entergy were depriving the parish of tax revenue. The St. Charles Assessor contended that his action was brought under the statutory authority found in La. R.S. 47:1998(0 and such other provisions of law that governed the action. Gisclair II, 44 So.3d at 278-279.
In determining that the St. Charles Assessor had no right of action to bring such a challenge, the court in Gisclair II noted that although section 1998 of Title 47 is entitled “Judicial review, generally,” this statutory provision read in context clearly governs suits contesting local assessments made by local assessors and is contained in the general assessment provisions of the ad valorem property tax statutes, not in the special provisions governing the assessment of public service properties set forth in La. R.S. 47:1851-1858. Gisclair II, 44 So.3d at 279. The court further held that La. R.S. 47:1856(G), which addressed the assessment of public service properties, only provided a right of action for the taxpayer. Gisclair II, 44 So.3d at 280.
Using this rationale as guidance in the present case, we note that the Terrebonne Assessor’s basis for using La. R.S. 47:1998 to file the present suit in the 32nd JDC would be in conflict with the ruling in Gisclair II insofar as allowing a local assessor to bring a suit contesting the assessments of public service property. We emphasize that the Terrebonne Assessor’s involvement in this particular assessment was not due to his constitutional grant of authority, but merely a limited role in the remedy stage of proceedings pending in the 19th JDC. Accordingly, it does not appear that La. R.S. 47:1998 should be interpreted to 11saIlow the Terrebonne Assessor to bring the present suit in the 32nd JDC regarding the dispute between him and the Commission over their actions in pursuing the remedy ordered by the 19th JDC. Stated another way, this is not a “local assessment” that falls within the ordinary scope of power granted to the local assessor. See Martin, 76 So.3d at 542.
Finally, we note that our present decision is in direct conflict with recent rulings from the second and third circuit courts of appeal. See Jones v. Southern Natural Gas Co., 46,347 (La.App.2d Cir.4/13/11), 63 So.3d 1080; In re Appeal of ANR Pipeline Co., 2011-379 (La.App.3d Cir.8/10/11), 73 So.3d 398. In Jones, the Assessor for Lincoln Parish brought a Petition for Judicial Review in Lincoln Parish appealing the decision of the Commission, which ordered reduced valuation of the (same) taxpayers’ public service property. The reassessment of the public service property was performed as ordered by the remedy affirmed in ANR VI from the litigation filed in the 19th JDC. In addressing the taxpayers’ lis pendens exception, the second circuit stated, “[a]lthough the actions are closely related, they are not the same transaction or occurrence.” Jones, 63 So.3d at 1086. The second circuit did not address the fact that the local assessor was acting in the remedy phase of the litigation from the 19th JDC, or explain how the local assessor’s action was outside the scope of his constitutional authority in assessing public service property.[6] For the reasons already discussed, we respectfully disagree with the cases following the second circuit’s decision in Jones. See Martin, 76 So.3d at 543.
We find the Terrebonne Assessor’s role in the reassessments of the taxpayers’ *482 public service property is a limited grant of authority stemming from 114the courts as stated in ANR VI. While the Terrebonne Assessor has been found to have appeal rights with respect to his actions, the procedural context of his role requires any appeal to the courts to be brought to the on-going litigation in the 19th JDC.
CONCLUSION
For the above and foregoing reasons, we find the present suit to be duplicative of the on-going litigation in the 19th Judicial District Court. We hereby reverse and vacate the trial court’s December 22, 2010 judgment, and reinstate the March 31, 2010 judgment granting the taxpayer’s Motion and Order for Reconsideration. The trial court for the 32nd Judicial District Court correctly noted that the Terre-bonne Assessor has a right to appeal the actions of the Commission in the context of the remedy phase on the on-going litigation in the 19th Judicial District Court. Accordingly, we reinstate the transfer order to the 19th Judicial District Court before Judge Kelley, so the Commission’s actions can be reviewed in light of the remedy approved in ANR VI. All costs associated with this appeal are assessed equally between the taxpayer, Tennessee Gas Pipeline Company, and the Terre-bonne Parish Assessor, Gene Bonvillain.
DECEMBER 22, 2010 JUDGMENT VACATED; JUDGMENT OF MARCH 31, 2010 REINSTATED; AND SUIT ORDERED TRANSFERRED TO 19TH JUDICIAL DISTRICT COURT.
McCLENDON, J., concurs and assigns reasons.
HUGHES, J., concurs and assigns reasons.

. The history of this case dates back to December 2000, when this Court issued a ruling concerning challenge of the ad valorem taxes assessed against certain public service pipelines owned by several taxpayers, including the instant taxpayer. ANR Pipeline Co. v. Louisiana Tax Com’n, 2000-2251 (La.App.lst Cir. 12/22/00), 774 So.2d 1261, writ denied, 2001-0250 (La.4/20/01), 790 So.2d 633. There have been numerous other appeals and writ applications in this matter since that date, including the judgments previously rendered by this Court in ANR Pipeline Co. v. Louisiana Tax Com’n, 2005-1142 (La.App.1st Cir.9/7/05), 923 So.2d 81 writ denied, 2005-2372 (La.3/17/06), 925 So.2d 547, cert. denied, 549 U.S. 822, 127 S.Ct. 157, 166 L.Ed.2d 38 (2006) (ANR VI); ANR Pipeline Co. v. Louisiana Tax Com’n, 2008-1148 (La.App.1st Cir. 10/17/08), 997 So.2d 92, writ denied, 2009-0027 (La.3/6/09), 3 So.3d 484 (ANR VII); and ANR Pipeline Co. v. Louisiana Tax Com’n, 2007-2282 (La.App.1st Cir.10/17/08) 997 So.2d 105, writ denied, 2009-0025 (La.3/6/09), 3 So.3d 484 (ANR VIII).

. Louisiana Revised Statutes 47:1851 provides, in pertinent part:
K. “Pipeline company” means any company that is engaged primarily in the business of transporting oil, natural gas, petroleum products, or other products within, through, into, or from this state, and which is regulated by (1) the Louisiana Public Service Commission, (2) the Interstate Commerce Commission, or (3) the Federal Power Commission, as a "natural gas company” under the Federal Natural Gas Act, 15 U.S.C. §§ 717-717w, because that person is engaged in the transportation of natural gas in interstate commerce, as defined in the Natural Gas Act.
M. "Public service properties” means the immovable, major movable, and other movable property owned or used but not otherwise assessed in this state in the operations *476 of each airline, electric membership corporation, electric power company, express company, gas company, pipeline company, railroad company, telegraph company, telephone company, and water company. For each barge line, towing, and other water transportation company or private car company, only the major movable property owned or used but not locally assessed or otherwise assessed in this state in interstate or interparish operations shall be considered as public service property.

. Judges Carter, Kuhn, Guidry, and Gaidry voted to grant the writ, while Judge Welch dissented.

. The concerted response to the November 23, 2009 ruling of the Commission has resulted in a virtual cobweb of litigation wherein the remedy ordered by Judge Kelley in the ongoing 19th JDC litigation, and affirmed by this Court in ANR VI, is under review in multiple jurisdictions. For example, in addition to the present suit filed in the 32nd JDC, there are two other recent appeals before this Court that stem from the November 23, 2009 ruling: See ANR Pipeline Co. v. Louisiana Tax Com'n, 2011-0425 (La.App.1st Cir.8/23/11), 76 So.3d 521 (ANR IX), an appeal by the local assessors from a ruling of the 19th JDC that sustained the taxpayers’ exception of no right of action, and dismissed their cross appeals against the Commission. See also Martin v. ANR Pipeline Co., 2011-0751 (La.App.1st Cir.8/23/11), 76 So.3d 534, an appeal by ANR Pipeline Co., Tennessee Gas Pipeline Co., and Southern Natural Gas Co. from a ruling of the 17th JDC that reversed and vacated the Commission’s November 23, 2009 ruling, and reinstated assessment values as determined by the Lafourche Assessor for purposes of determining whether any refund was owed the taxpayers. Local assessors, Martin and Bonvillain, were both named as defendants by the taxpayers in their petition for judicial review filed in the 19th JDC. On August 23, 2011, we held that the local assessors had no right of action under La. R.S. 47:1995 to appeal the Commission's assessments of the taxpayers' public service property, but they could intervene in the taxpayers' petitions for judicial review in the ongoing litigation in the 19th JDC. See ANR IX, 76 So.3d 521, 528.

. Louisiana Revised Statutes 47:1992(A)(1) provides in pertinent part:
*480 A. (l)(a) After each assessor has prepared and made up the lists showing the assessment of immovable and movable property in and for his parish or district, his lists shall be exposed daily for inspection by the taxpayers and other interested persons for the period provided for in Subsection F of this Section. Each assessor shall give notice of such exposure for inspection in accordance with rules and regulations established by the Louisiana Lax Commission.
(b)(i) Except as provided for in Item (b)(ii) of this Subparagraph, a taxpayer may rely on the assessment shown in the list and such reliance shall be a defense against any claim for additional ad valorem property taxes, interest, and penalties on such property.
(ii) The assessment shown on the list may be changed to reflect an increase in assessment, including supplemental assessments pursuant to R.S. 47:1966, if the assessor shows that the taxpayer received written notice of such change at least thirty days before the last day for review by the appropriate board of review.

. See also Odom v. Southern Natural Gas Co., 46,598 (La.App.2d Cir.8/17/11), 72 So.3d 437, 443, where the second circuit, following Jones, specifically rejected the claim that the procedural provisions of La. R.S. 47:1998 are inapplicable in this situation.